**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Arnetta Welch,

Plaintiff(s),

v.

Nevada Restaurant Services, Inc.,

Defendant(s).

Case No. 2:26-cv-02271-GMN-NJK

**Order**

[Docket Nos. 8, 9]

Pending before the Court is Plaintiff's second amended complaint.[1] Docket No. 8.[2] Plaintiff has filed a motion for hearing to set a court date for the second amended complaint. Docket No. 9.

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v.*

[1] Plaintiff filed a first amended complaint prior to the second amended complaint that never underwent screening. The first amended complaint is moot due to the filing of the second amended complaint. Docket No. 7.

[2] The Court liberally construes the filings of *pro se* litigants. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

*Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of pro se pleadings is required after *Twombly* and *Iqbal*).

Pursuant to Rule 8, litigants are required to provide a short, plain statement of their claims setting forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Courts routinely reject so-called "shotgun pleadings" in which causes of action are predicated on vague reference to the earlier factual allegations. *See*, e.g., *Lopez v. Iaela-Tokugawa*, 2025 WL 3164232, at *2 (D. Nev. Aug. 6, 2025), adopted, 2025 WL 3162016 (D. Nev. Nov. 10, 2025). Although the pleadings of pro se litigants are construed liberally, they must still comply with this requirement. E.g., *Montgomery v. Las Vegas Metro. Police Dep't*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). When litigants have not complied with the dictates of Rule 8(a), courts may dismiss the complaint sua sponte. *See*, e.g., *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).

Plaintiff's complaint fails to comply with Rule 8. The complaint fails to identify the federal law or right which invokes federal question jurisdiction and serves as the basis for Plaintiff's claim. *See* Docket No. 8 at 1 (referring to "EEOC – 487-2026-00349 Retaliation + Discrimination from Certain Managers" as a federal law or right), 5 (identifying state law "NRS 613.340 Violation of Public Policy + Retaliation" as the law or right violated). Thus, the complaint fails to show that federal law creates the cause of action or that a substantial question of federal law is a necessary

element. Therefore, the Court will dismiss Plaintiff's second amended complaint, but will allow her leave to amend.

Accordingly, **IT IS ORDERED** that:

1. The Court **DISMISSES** the second amended complaint with leave to amend. Docket No. 8.
2. Plaintiff will have until **October 12, 2026**, to file a third amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.
3. The Court **DENIES** the motion for hearing. Docket No. 9.

IT IS SO ORDERED.

Dated: September 15, 2026

Nancy J. Koppe
United States Magistrate Judge